IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DONNA WOODS, et al.,

                Plaintiffs,

v.                                CIVIL ACTION NO.  2:09-cv-00366

TOWN OF DANVILLE, WEST VIRGINIA, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiffs' Motion to File Exhibit Under Seal [Docket 55]. The plaintiffs request that the court seal a psychiatric report of Andrew Lee Adkins, a minor, which serves as an exhibit attached to their response to the defendant's Motion for Summary Judgment. The report contains "psychiatric evaluations and diagnoses" of Adkins.  (Mot. File Exhibit Under Seal.)  The defendant did not file a response, and the matter is ripe for review.

According to Local Rule of Civil Procedure 26.4(b)(2), a motion to seal must be accompanied by a memorandum of law that contains "(A) the reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate; (B) the requested duration of the proposed seal; and (C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals." Loc. R. Civ. P. 26.4(b)(2). The court will only seal documents when "exceptional circumstances" are present. Loc. R. Civ. P. 26.4(b)(1).

The plaintiff filed a memorandum [Docket 56], arguing that the report "details psychiatric evaluation and analysis related to the mental and/or emotional distress that Andrew Lee Adkins experienced as a result of being subjected to an unlawful seizure and excessive force on August 10, 2008." (Mem. Supp. Pls.' Mot. File Exhibit Under Seal 1.) The memorandum does not explain why redaction is inadequate, and does not present a duration for the proposed seal.

Generally, "all documents filed for the Court's consideration in a civil case, even if not the subject of a judicial decision, are subject to presumptive access." *Walker Sys. v. Hubbell, Inc*., 188 F.R.D. 428, 429 (S.D. W. Va. 1999); *see also In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 101 F.R.D. 34, 38 (C.D.C.A. 1984). Furthermore, Rule 5(d) of the Federal Rules of Civil Procedure contemplates that the documents filed with the Court be publicly available. *See generally*, Fed. R. Civ. P., Rule 5(d); *Petroleum Prods.*, 101 F.R.D. at 38. Public inspection of court documents "is necessary to allow interested parties to judge the court's work product in the cases assigned to it." Loc. R. Civ. P. 26.4(b)(1).

While documents may be protected if they contain trade secrets or other confidential information, "[o]nce [] documents are made part of a dispositive motion, such as a summary judgment motion, they lose their status of being raw fruits of discovery." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988) (internal quotation marks omitted). Accordingly, the court will not seal a document simply because the parties have designated that document as "Confidential." In order to determine whether the materials should be sealed, the court will weigh the public's First Amendment and common law rights of access against the interests of the party seeking continued confidentiality. *See Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575-76 (4th Cir. 2004).

The reasons provided by the plaintiffs for sealing the psychiatric report are not sufficient, and exceptional circumstances are not present.  The plaintiffs have brought this lawsuit, which necessarily requires them to place Adkins's mental state at issue.  The memorandum does not explain how Adkins or the plaintiffs would be harmed by disclosure of the psychiatric report and does not explain why sealing is necessary.  In addition, the cases cited by the plaintiffs in their memorandum are cursory and deal with distinct circumstances.  I do not find them persuasive.  *See United States v. Casey*, 2008 WL 182237 (S.D. W. Va. 2008) (granting in part motion to seal a motion to determine competency of the defendant); *Milam v. Nicholson,* 2009 WL 159302 (S.D. W. Va. 2009) (granting motion to seal plaintiff's medical records after dismissing the case).

For these reasons, the plaintiffs' Motion to File Exhibit Under Seal is **DENIED**.  The court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record and any unrepresented party.

                                      ENTER:        March 17, 2010

*Joseph R. Goodwin, Chief Judge*